UNITED STATES of America, Plaintiff–Appellee,

v.

Oscar CASTANEDA–GALLARDO, Defendant–Appellant.

No. 91–2273.

United States Court of Appeals, Fifth Circuit.

Jan. 15, 1992.

Roland E. Dahlin, Federal Public Defender, Thomas S. Berg, Asst. Federal Public Defender, Houston, Tex., for defendant-appellant.

Paula C. Offenhauser, Peggy M. Ronca, Asst. U.S. Attys., Ronald G. Woods, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before THORNBERRY, GARWOOD and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Defendant, Oscar Castaneda–Gallardo, was convicted on a guilty plea for falsely representing himself to be a citizen of the United States to a border patrol agent in violation of 18 U.S.C. § 911. He appeals his sentence. We affirm.

## I.

In mid-March 1990, Castaneda–Gallardo, a Mexican citizen, entered the United States through the port of entry in Laredo, Texas. He falsely declared to the border patrol agents that he was a United States citizen. In September 1990, after receiving an anonymous tip, border patrol agents arrested Castaneda–Gallardo at his place of employment in Fort Worth, Texas. Castaneda–Gallardo had previously been convicted in state court for trafficking in controlled substances, which resulted in the loss of his resident alien status and deportation on March 3, 1990.

Castaneda–Gallardo was indicted for and pled guilty to falsely and willfully representing himself to be a citizen of the United States to a border patrol agent, in violation of 18 U.S.C. § 911. The Statutory Index to the United States Sentencing Guidelines (Appendix A) lists two provisions as applicable to this offense: § 2F1.1 for "Fraud and Deceit" and § 2L2.2 for "Fraudulently Acquiring Evidence of Citizenship or Documents Authorizing Entry for Own Use."

The district court applied neither, but instead turned to § 2L1.2 "Unlawfully Entering or Remaining in the United States" as the most analogous guideline. Applying that section, the district court sentenced Castaneda–Gallardo to 21 months, within the statutory maximum of three years un-der 18 U.S.C. § 922, one year of supervised release and a $50 special assessment. Castaneda–Gallardo appeals.

## II.

Castaneda–Gallardo argues that the district court erred in applying § 2L1.2 of the guidelines rather than § 2F1.1 or § 2L2.2, the sections referenced in the Statutory Index for violations of 18 U.S.C. § 911. We disagree.

We recently stated in *United States v. Beard*, 913 F.2d 193, 198 (5th Cir.1990), "Only when the Index lists a single guideline should the court look beyond the guideline referenced. Therefore, if more than one guideline is referenced in the Index, the court must choose the most appropriate guideline of those listed, based on the offense of conviction." However, the Beard court was bound by § 2F1.1 of the 1988 Guidelines Manual and its commentary. After that decision the Commentary to § 2F1.1 was amended. The following sentence, currently in Comment 13 to § 2F1.1, was added: "Where the indictment or information setting forth the count of conviction (or a stipulation as described in § 1B1.2(a)) establishes an offense more aptly covered by another guideline, apply that guideline rather than § 2F1.1." *See* Amendments to Guidelines effective November 1, 1989. Castaneda–Gallardo committed his offense and was sentenced after the effective date of this amendment.

Comment 13 to § 2F1.1 explicitly grants the district court the discretion to look for the most applicable guideline when the Statutory Index refers the court to § 2F1.1. Section 2L1.2 "Unlawfully Entering or Remaining in the United States" aptly describes the offense to which Castaneda–Gallardo pled guilty—falsely and willfully representing himself to be a citizen of the United States. 18 U.S.C. § 911. The fact that 18 U.S.C. § 911 is not listed under § 2L1.2 does not preclude the district court from applying that section. Comment 3 to § 1B1.1 states "The list of 'Statutory Provisions' in the Commentary to each offense guideline does not necessarily include every statute covered by that

guideline." We conclude therefore that the district court did not err in applying § 2L1.2 to sentence Castaneda–Gallardo for his conviction under 18 U.S.C. § 911.

AFFIRMED.