IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60211
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TONY LEWIS HODGES,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:99-CR-23-ALL-LS
---------------------
June 12, 2001

Before JOLLY, DAVIS and JONES, Circuit Judges.

PER CURIAM:[*]

    Tony Lewis Hodges appeals his conviction and sentence for making a false statement to a federal agent in violation of 18 U.S.C. § 1001(a)(2). He argues that the district court erred in holding that his statement to a federal agent was voluntary and denying his motion to suppress his statement. Although Hodges refused to sign a form containing a waiver of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), he stated that he was willing to talk to the federal agent and, therefore, his statement was voluntary. See North Carolina v. Butler, 441 U.S.

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

369, 373 (1979).  Hodges has not shown that his statement was involuntary because his probation officer told him to meet with the federal agent.  Hodges was advised of his constitutional rights, chose to answer the agent's questions rather than invoke his privilege against self-incrimination, and would not have suffered a penalty for invoking his privilege.  See Minnesota v. Murphy, 465 U.S. 420, 427-28 (1984).

Hodges also argues that the district court erred in calculating his offense level under U.S.S.G. § 2K1.3 governing offenses involving the unlawful receipt, possession, or transportation of explosive materials, rather than U.S.S.G. § 2F1.1, governing fraud and deceit.  In cases involving fraudulent statements prosecuted under a general statute such as 18 U.S.C. § 1001, the court should apply a more specific guideline if it is more apt.  See U.S. Sentencing Guidelines Manual § 2F1.1, comment. n.14 (1998); United States v. Clements, 73 F.3d 1330, 1339 n.15 (5th Cir. 1996); United States v. Castaneda-Gallardo, 951 F.2d 1451, 1452 (5th Cir. 1992).  Hodges was convicted of making a statement falsely denying any knowledge concerning explosive devices found hidden in the ceiling of a business which had previously been run by his former girlfriend. Because Hodges' offense was more aptly covered by the more specific guideline in § 2K1.3 governing possession of explosive materials, the district court did not err in calculating his sentence under § 2K1.3.  See U.S. Sentencing Guidelines Manual § 2F1.1, comment n.14 (1998); Clements, 73 F.3d at 1339 n.15; Castaneda-Gallardo, 951 F.2d at 1452.

AFFIRMED.